Filed 10/7/21  P. v. Martinez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C092940 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE19980005787) |
| v. | |
| LUIS ALBERTO MARTINEZ, | |
| Defendant and Appellant. | |

Defendant Luis Alberto Martinez appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends the trial court erred by summarily denying his petition after determining he failed to establish a prima facie case under the provisions of the statute.  He argues the trial court should have issued an order to show cause and allowed the petition to proceed for full

---

[1]    Undesignated statutory references are to the Penal Code.

1

consideration on its merits.  We agree the trial court erred in denying defendant's petition and will remand the case for further proceedings.

BACKGROUND

A. *Trial*

In March 1999, defendant was charged with the murder of Vincent Lefebre (§ 187—count 1), the attempted willful, deliberate, premeditated murder of Armando Posada (§§ 664, 187, subd. (a)—count 2), and street terrorism (§ 186.22, subd. (a)—count 3).  For count 1, it was alleged that defendant discharged a firearm from a motor vehicle causing great bodily injury and death (§ 12022.55); for counts 1 and 2, it was alleged that he personally used a firearm (§ 12022.5, subd. (a)), and that the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

A jury found defendant guilty of all counts, with count 1 being first degree murder; it also found the gang enhancements true but found the firearm discharge and personal use allegations not true.  He was sentenced to state prison for an determinate term of three years plus consecutive indeterminate terms of 25 years to life, and life with possibility of parole.  Defendant appealed, and we affirmed the judgment in an unpublished decision.  (*People v. Martinez* (Oct. 16, 2000, C033598) [nonpub. opn.] (*Martinez*).)

The facts underlying defendant's offenses, as recounted in *Martinez*, were as follows:

Murder victim Lefebre and attempted murder victim Posada were members of a northern California street gang.  (*Martinez, supra*, C033598.)  On October 8, 1995, they were riding their bicycles in Stockton when a stolen pickup truck with five or six Hispanic men began following them; one of the truck's windows had been removed to facilitate the firing of a gun.  (*Ibid*.)

As the truck pulled alongside the cyclists, Posada realized that he and Lefebre were going to be shot at, and he yelled at Lefebre to shoot at the truck.  (*Martinez, supra*,

2

C033598.)  The men in the truck fired one or two shotgun blasts, followed by pistol shots.  (*Ibid.*)  One of the shotgun blasts killed Lefebre; Posada was not injured.  (*Ibid.*)

Defendant had been a member of a southern California street gang for two or three years before December 1997.  (*Martinez, supra*, C033598.)  In 1997, while in jail on an unrelated matter, police intercepted a letter defendant had written describing his participation in the October 1995 shootings.  (*Ibid*.)  When questioned, defendant initially denied any involvement but later admitted that he was in the truck at the time of the shootings.  (*Ibid.*)  According to defendant, the driver had picked him and several others up to go cruising; the driver and a passenger were members of a southern California gang.  (*Ibid.*)  As they passed Waterloo Road, a bicyclist saw them and yelled out "ESS," referring to a northern gang.  (*Id.* [at p. 3].)  The driver responded, "puro sur," which means "pure south, all south, all about south."  (*Ibid.*)  The driver turned around, and a passenger pulled out a shotgun from under the seat.  (*Ibid.*)  The truck pulled alongside Lefebre, and the passenger fired the shotgun at him.  (*Ibid.*)  When Posada fled, the driver fired a pistol at him.  (*Ibid.*)  The group later abandoned the truck.  (*Ibid.*)  Defendant admitted that the truck had ventured into northern-gang territory.  (*Ibid.*)

B.  *Petition for Resentencing*

In February 2019, defendant filed a pro per petition for resentencing under section 1170.95.  The form petition declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that he was convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine; and that he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189.  He further declared that he was convicted of first degree felony murder and could not now be convicted because of changes to section 189, effective January 1, 2019, because:  (1) he was not the actual killer, (2) he did not, with the intent to kill, aid, abet, counsel,

3

command, induce, solicit, request, or assist the actual killer in committing first degree murder; (3) he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony, and (4) the murder victim was not a peace officer performing his duties or he was not aware that the victim was a peace officer performing his duties. Defendant requested that the court appoint him counsel.

The People filed a response opposing the petition, arguing defendant was facially ineligible for resentencing under section 1170.95 because he was not convicted of felony murder or murder under the natural and probable consequences doctrine, but instead was convicted of first degree premeditated murder and willful, deliberate, and premeditated attempted murder. Appointed counsel for defendant filed a reply, arguing that because the jury was instructed on the natural and probable consequences doctrine, and the prosecutor argued the theory in closing, the jury could have based its murder verdict on that theory.

At a hearing on the parties' briefs, defense counsel reiterated his position that the case was tried on a natural and probable consequence theory as well as the standard first degree murder theory, and that the prosecutor had argued the natural and probable consequences theory to the jury. Because it was not clear which theory the jury relied upon in convicting defendant, defense counsel argued defendant had met his prima facie burden under section 1170.95 and was entitled to an evidentiary hearing. The People argued that because the jury convicted him of first degree murder, he could not have been convicted on a natural and probable consequences theory. On October 26, 2020, without issuing an order to show cause, the court denied the petition without prejudice after finding that "the evidence in the case would support the argument that [defendant] got convicted as an aider and abettor . . . ." Defendant timely appealed.

4

Defendant contends the trial court erred by summarily denying his petition, even though he properly alleged a prima facie basis for relief, because there was a possibility his conviction was premised on a natural and probable consequences theory.  Defendant argues the court prematurely attempted to resolve disputed factual issues without an evidentiary hearing.  The People agree the trial court weighed the evidence too soon in the process and should have issued an order to show cause.  We agree with the parties.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial . . . .  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

The process contemplated in section 1170.95 includes a single prima facie determination.  (*People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).)

"[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true.  [Citation.]  The trial court should not

5

evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980; see also *Lewis, supra*, Cal.5th at p. 972.) The "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Ibid*.; *Lewis*, at p. 967.)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95, [subdivision] (a), then the trial court should issue an order to show cause. (§ 1170.95, [subd.] (c).) Once the trial court issues the order to show cause under section 1170.95, [subdivision] (c), it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subd[ivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2).)" (*Drayton, supra*, 47 Cal.App.5th at pp. 980-981.)

Here, defendant stated in his declaration that he was convicted of murder under the natural and probable consequences doctrine, which would not have supported a murder conviction after the changes to sections 188 and 189. The record of conviction does not disprove this statement as a matter of law. Rather, as defendant notes, the jury was instructed on the natural and probable consequences doctrine, and the prosecutor argued during closing that the jury could convict defendant of murder on that basis. While it is certainly possible that defendant was convicted on a theory of liability that is still permissible under sections 188 and 189, the mere existence of that possibility does not make defendant ineligible for relief as a matter of law. The fact that evidence supports

6

defendant's conviction on a valid theory does not mean the record conclusively establishes the jury actually relied on that theory, nor does it establish that the jury did not rely on a now invalid theory. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 814-815.) It was thus erroneous for the trial court to weigh the evidence to conclusively determine which theory of liability the jury had used to find defendant guilty. (*Drayton, supra*, 47 Cal.App.5th at p. 980.)

Construing the facts in favor of defendant, the petition fulfilled the requirements for relief in section 1170.95, subdivision (a), and the trial court should have issued an order to show cause for an evidentiary hearing. (*Drayton, supra*, 47 Cal.App.5th at pp. 982-983.) We will reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c), and hold a hearing under section 1170.95, subdivision (d). We express no opinion about whether defendant is entitled to relief following the hearing.

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed. The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under section 1170.95.

/s/
BLEASE, Acting P. J.

We concur:


/s/
MAURO, J.


/s/
KRAUSE, J.

7